U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 1 9 2015

TONY R. MOORE, CLERK
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

RICHARD W. BLACK                    DOCKET NO. 15-cv-2411; SEC. P

VERSUS                              JUDGE DRELL

VAN H. KYZAR, ET AL.                MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed on September 23, 2015, by pro se Plaintiff Richard W. Black. Plaintiff was granted leave to proceed *in forma pauperis* on September 30, 2015. Plaintiff is incarcerated at the Natchitoches Parish Detention Center in Natchitoches, Louisiana. He complains that his incarceration for failing to register as a sex offender was unconstitutional. He names as defendants District Attorney Van H. Kyzar, David Cheatwood of the Natchitoches Parish Sheriff's Office, Patrick Reliford of Natchitoches Parish Probation and Parole, and Sheriff Victor Jones. Plaintiff seeks monetary damages from the defendants and asks that criminal charges be brought against them.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Factual Allegations*

Plaintiff alleged that on or about November 7, 2011, Defendant Reliford from the probation and parole department forced Plaintiff

to register as a sex offender, even though Plaintiff was not required to do so. On or about June 7, 2012, District Attorney Kyzar filed a bill of information against Plaintiff for his failure to register as a sex offender. That same date, David Cheatwood signed a certificate revoking Plaintiff's probation, but Plaintiff claims that he was not on probation at the time.

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim is

factually frivolous when the facts alleged are "clearly baseless", 490 U.S. at 327, a category encompassing allegations that are "fanciful,"[1] "fantastic,"[2], and "delusional[3]." See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

2. **Heck v. Humphrey**

First, to the extent that Plaintiff seeks damages for an allegedly unlawful search that resulted in his arrest, prosecution, and conviction, his claim fails. In order "[t]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Plaintiff's claim for damages is based upon a criminal charge of

---

[1] Neitzke v. Williams, 490 U.S. 319, 325 (1989).

[2] Id. at 328.

[3] Id.

failing to register as a sex offender. To the extent that he was convicted of the charge, the conviction has not been invalidated by a state or federal court. See id. Thus, his claim for monetary damages is barred by Heck.

Similarly, to the extent that his claim for damages is based on the probation revocation, his claim fails. Under Heck, a favorable ruling on the 42 U.S.C. §1983 claim would call into question the validity of the judgment that revoked Plaintiff's probation. Heck is applicable to §1983 claims that challenge revocation proceedings. See Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995); McGrew v. Texas Bd. of Pardons and Paroles, 47 F.3d 158, 161 (5th Cir. 1995).

Unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that he has been improperly confined, he has no damages claim against any defendant cognizable under section 1983. See Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994)(a claim under §1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or his present confinement.) As such, his claims for damages are frivolous. See Hamilton v. Lyons, 74 F.3d 99, 102-103 (5th Cir. 1996)(A "claim which falls under the rule in Heck is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.")

### 3.  Prescription

If Plaintiff's claims were not barred by <u>Heck</u>, they would be barred by the statute of limitations. Because there is no federal statute of limitations for actions brought pursuant to §1983, federal courts presiding over §1983 claims must borrow the statute of limitations provisions of the state in which the federal court sits. <u>See</u> <u>Owens v. Okure</u>, 488 U.S. 235, 236, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (<u>citing</u> <u>Wilson</u>, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)); <u>see also</u> <u>Elzy v. Roberson</u>, 868 F.2d 793 (5th Cir. 1989); <u>Rodriquez v. Holmes</u>, 963 F.2d 799, 803 (5th Cir. 1992). Plaintiff's §1983 claim is therefore governed by Louisiana's statute of limitations provision for tort claims, which is one year. <u>See</u> <u>Elzy</u>, 868 F.2d at 794. This prescriptive period "commences to run from the day injury or damage is sustained." LA. CIV.CODE ANN. art. 3492. "Although state law controls the statute of limitations for §1983 claims, federal law determines when a cause of action accrues." <u>Rodriquez</u>, 963 F.2d at 803 (<u>citing</u> <u>Brummet v. Camble</u>, 946 F.2d 1178, 1184 (5th Cir. 1991)). Under the federal standard, a cause of action accrues when "the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." <u>Id</u>. (<u>citing</u> <u>Helton v. Clements</u>, 832 F.2d 332, 335 (5th Cir.1987)).  Plaintiff had knowledge of the probation revocation and bill of information in 2012. Thus, to the extent that <u>Heck</u> did not bar Plaintiff's claims,

they are prescribed.

4.  **Immunity from Suit**

Plaintiff names the district attorney and probation officer as defendants. Plaintiff's claim for monetary damages against the district attorney is barred by the doctrine of absolute prosecutorial immunity. A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. See Kalina v. Fletcher, 522 U.S. 118, 129 (1997); Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997).

Likewise, Plaintiff's claim for monetary damages against Probation and Parole officer Patrick Reliford fails. Parole board members are absolutely immune from suit in the exercise of their decision-making powers. See Hulsey v. Owens, 63 F.3d 354 (5th Cir. 1995) (citing Walrath v. U.S., 35 F.3d 277, 281 & n. 2.); see also Littles v. Bd. of Pardons & Paroles Div., 68 F.3d 122, 123 (5th Cir.1995) (per curiam); Cruz v. Skelton, 502 F.2d 1101, 1102 (5th Cir. 1974)(granting absolute immunity to parole board members when they are "engaged in the performance of quasi-judicial duties"). Alternatively, the parole office employee would be entitled to qualified immunity for his actions.

6

5.  **Criminal charges**

Plaintiff asks that the defendants be charged with various crimes. However, Plaintiff has no constitutional right to have someone criminally prosecuted. <u>Oliver v. Collins</u>, 914 F.2d 56, 60 (5th Cir. 1990). A federal court may not assume the essentially executive function of deciding whether a particular alleged violator should be prosecuted. <u>Nader v. Saxbe</u>, 497 F.2d 676, 679 (D.C. Cir. 1974). Nor may a court order prosecution of individuals at the instance of private persons. <u>Id.</u> at n. 18. The decision whether or not to bring criminal charges rests solely with the prosecutor, and the decision will not give rise to section 1983 liability. <u>See</u> <u>also</u> <u>Oliver</u> 914 F.2d at 601; <u>United States v. Carter</u>, 953 F.2d 1449, 1462 (5th Cir. 1992); <u>Williams v. Hartje</u>, 827 F.2d 1203, 1209 (8th Cir. 1987).

## *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A.

## *Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being**

served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 19th day of November, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE